NO. 07-05-0084-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 23, 2005



______________________________




JESUS ANTU, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15708-0409; HONORABLE ROBERT W. KINKAID, JR., JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Following an open plea of guilty, appellant Jesus Antu was convicted of driving while
intoxicated, enhanced, and punishment was assessed at five years confinement and a
$2,000 fine. Although trial counsel was retained, appellant filed a pro se notice of appeal. 
Both the clerk's record and reporter's record have been filed. Appellant's brief was due to
be filed on May 18, 2005, but has yet to be filed. Also, no motion for extension of time has
been filed. On May 31, 2005, appellant was notified of the defect and also directed to file
either his brief or a response by June 10, 2005. Appellant did not respond and the brief
remains outstanding.

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal; and

 2. whether appellant is indigent and entitled to appointed counsel. 

The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of counsel. If counsel is appointed,
the name, address, telephone number, and state bar number of said counsel shall be
included in the order appointing new counsel. Finally, the trial court shall execute findings
of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Friday, July 29, 2005.

 It is so ordered.


 Per Curiam



Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



cked="false" Priority="39" Name="toc 8"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00089-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JULY
15, 2010

 



 

DESIGNER TREE SERVICE AND DION MAEDA, APPELLANTS

 

v.

 

YASMINE BRECHEEN, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 96,534-B; HONORABLE RICHARD DAMBOLD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellants, Designer Tree Service and
Dion Maeda, filed a motion to dismiss their appeal.  In the motion, counsel for appellants states
he conferred with counsel for appellee about the
merits of the motion and counsel for appellee agrees.


The motion to dismiss is granted and
the appeal is dismissed. Tex. R. App. P. 42.1(a)(1).  Costs of the appeal are taxed against the
party incurring them.

 

Having dismissed the appeal at
appellants request, we will not entertain a motion for rehearing and our
mandate will issue forthwith.

 

                                                                                                James
T. Campbell

                                                                                                            Justice